**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

In re

Louis Ricardo Roig, Jr and Erica Jean Roig

           CHAPTER    7
           CASE NO.    6:17-bk-00116-CCJ

    Debtor(s)
_____/

## MOTION FOR RELIEF FROM STAY FILED BY NAVY FEDERAL CREDIT UNION REGARDING REAL PROPERTY

---

**NOTICE OF OPPORTUNITY TO**
**OBJECT AND REQUEST FOR HEARING**

    **Pursuant to Local Rule 2002-4, the Court will consider the relief requested in tis paper without further notice or hearing unless a party-in-interest files a response within 21 days from the date set forth on the attached proof of service, plus an additional three days for service if any party was served by U.S. Mail.**

    **If you object to the relief requested in this paper, you must file a response with the Clerk of the Bankruptcy Court, George C. Young Federal Courthouse, 400 West Washington Street, Suite 5100 Orlando, FL 32801 and serve a copy on the movant's attorney (Matt Holtsinger, Kass Shuler, P.A., P.O. Box 800, Tampa, Florida 33601), and any other appropriate persons within the time allowed. If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing, or consider the response and grant or deny the relief requested without a hearing.**

    **If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.**

---

    NAVY FEDERAL CREDIT UNION ("Creditor"), pursuant to §§362(d)(1) and (2) of the Bankruptcy Code, hereby moves this Court for entry of an order granting relief from stay as to the bankruptcy estate and as to the Debtor(s), and states:

    1.    For value received, the Debtor(s) executed and delivered a Promissory Note ("Note") as evidence of indebtedness to Creditor.

    2.    The Debtor executed and delivered a Mortgage to Creditor securing said indebtedness with the following property: **REAL PROPERTY LOCATED: 201 CAROLINA JASMINE LN JACKSONVILLE, FL 32259, LEGALLY DESCRIBED AS: LOT 1, VINNINGS ACCORDING TO PLAT THEREOF AS RECORDED IN MAP BOOK 36, PAGES 65, 66, 67, 68, 69, 70 AND 71 OF THE PUBLIC RECORDS OF ST JOHNS**

**COUNTY, FLORIDA** ("Collateral").

3. Movant is entitled to enforce the Note and Mortgage. Copies of the relevant loan document(s) are attached hereto as Exhibit "A" & "B".

4. The Debtor(s) defaulted under the terms of the Note and/or Mortgage with Creditor by failing to do the following: make all payments when due.

5. The Debtor(s), and the estate, have made no offer of adequate protection to Creditor regarding Creditor's interest in the Collateral. Creditor, therefore, lacks adequate protection.

6. The Collateral is diminishing and decreasing in value and continues to do so by virtue of the continued use of the Collateral by the Debtor(s) without payments to Creditor.

7. The Debtor(s) and the estate may lack equity in the Collateral.

8. The Collateral is not necessary to an effective reorganization.

9. Pursuant to the terms of the Promissory Note / Contract between the parties, the Debtor(s) is/are obligated to pay Creditor's reasonable attorneys' fees and court costs. Creditor has retained the undersigned attorneys and has agreed to pay them a reasonable fee for their services rendered in connection with this Motion.

10. Creditor asserts sufficient cause exists to waive the requirement of Bankruptcy Rule 4001(a)(3), therefore allowing an Order to be effective upon this Honorable Court's signature. In addition Creditor prays that the Court suspend the Rule in all instances in which there is a Consent on the part of the Debtor(s).

11. The Debtor intends to retain the collateral per the Statement of Intention.

12. The unpaid principal balance due is in the amount of $189,939.33.

13. The account at issue is presently due for the payment due November 1, 2016 and all subsequent payments which have come due through the date of this Motion.

WHEREFORE, Creditor requests that the Court enter an order modifying or terminating the automatic stay as to the Debtor(s) and to the estate to permit Creditor to enforce its in rem

contractual and state law remedies as against the Collateral and for such other relief as requested above.

/s/ Matt Holtsinger
Matt Holtsinger
Kass Shuler, P.A.
P.O. Box 800
Tampa, FL 33601
Phone: (813) 229-0900 Ext. 1465
Fax:    (813) 229-3323
mholtsinger@kasslaw.com
Florida Bar No. 092774

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT a true and correct copy of the foregoing was furnished on January 23, 2017, by U.S. Mail and/or electronic mail via CM/ECF pursuant to Local Rule 7005-3 to: Arna D. Cortazzo P.O. Box 561030, Rockledge, FL 32956-1030; Emerson C. Noble, Trustee, Post Office Box 622798, Oviedo, FL 32762-2798; and on January 24, 2017, by U.S. Mail to Louis Ricardo Roig, Jr and Erica Jean Roig, 1310 Tradition Circle #204, Melbourne, FL 32901

### Rule 7005-3

### SERVICE BY ELECTRONIC MEANS UNDER RULE 5(b)(2)(D)

A party may make service under Rule 5 (b) (2) (D) of the Federal Rules of Civil Procedure through the Court's electronic transmission facilities if the party being served is a Filing User or otherwise consents in writing to electronic service.

/s/ Matt Holtsinger
Matt Holtsinger (x1465)

1700105/jaw